IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN ENTERPRISES, LLC; BSM HOLDINGS REINSURANCE, LTD.; ALL MOXIE HOLDINGS REINSURANCE, LTD.; AIR CAP HOLDINGS REINSURANCE, LTD.; and BRANDON STEVEN <br><br> Plaintiffs, <br><br> v. <br><br> BOKF, N.A., <br><br> Defendant. | Case No. 25-CV-00553 |

## OPINION AND ORDER

Before the Court is Defendant BOKF, N.A.'s ("BOKF") Motion to Transfer, [ECF No. 29]. For the reasons set forth below, the motion is granted.

I. **Background**

Plaintiffs initiated the above-captioned action (the "Oklahoma Action") on October 14, 2025. [ECF No. 2]. But more than two weeks before Plaintiffs initiated the Oklahoma Action, Defendant BOKF filed a similar action in the United States District Court for the District of Kansas. *See generally BOKF, N.A. v. Hang10 Holdings, LLC et al.*, No 2:25-cv-02562-HLT-TJJ (D. Kan) (the "Kansas Action"). After filing the Kansas action, BOKF filed the instant

motion, [ECF No. 29], asking the Court to transfer the Oklahoma Action to the District of Kansas. Among other things, BOKF argues that the first-to-file rule requires transfer of this action to the District of Kansas, and that transfer to the District of Kansas is appropriate under 28 U.S.C. § 1404. [*Id.* at 21–28].

While BOKF's motion to transfer was pending in the Oklahoma Action, United States District Judge Holly Teeter entered an order in the Kansas Action addressing the first-to-file rule. Judge Teeter determined that the Kansas Action was filed first, that "the first-to-file rule applie[d]," and that that the rule's "exceptions d[id] not" apply. [ECF No. 36-1 at 2]. In light of this ruling, the Court set the Oklahoma Action for a status conference. [ECF No. 37]. During the status conference, the Court asked Plaintiffs' counsel whether Plaintiffs still objected to BOKF's motion to transfer, and counsel confirmed that they did not object to transfer. [ECF No. 38]. Plaintiffs then filed a notice confirming the same. [ECF No. 39 at 1].

## II.  Discussion

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that

the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A plaintiff's choice of forum is usually afforded deference, but that deference is given less weight if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (citation and quotation mark omitted).

Ultimately, however, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp*, 928 F.2d at 1515 (citation and internal quotation marks omitted). Therefore, in reaching its decision, the Court considers several factors, including:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167 (quoting *Crysler Credit Corp*, 928 F.2d at 1516).

To the extent any factor weighs against transfer, Plaintiffs no longer oppose transfer of this case to the District of Kansas. [ECF No. 39]. Upon due consideration of all the factors and in light of the record and all applicable authority, several of the factors are worth highlighting.

First, as recently noted by another judge in this district, the Northern District of Oklahoma continues to experience a high volume of cases compared to other districts in this circuit. *Harshaw v. CSAA Gen. Ins. Co.*, No. 4:25-cv-00338-JDR-SH, 2025 WL 2630926, at *3 (N.D. Okla. Sept. 12, 2025); *see also* Administrative Office of the United States Courts, Federal Court Management Statistics September 2025. This factor weighs in favor of transfer. Second, the practical considerations in this case also weigh heavily in favor of transfer. As Judge Teeter correctly noted, the Kansas Action was filed first, and "[t]he claims in [the Kansas Action and the Oklahoma Action] generally arise from the same events even though the claims in Kansas are for breach of contract and declaratory judgment and the claims in Oklahoma are for torts." [ECF No. 36-1 at 2, 5]. Because both cases involve essentially the same dispute and overlapping parties, the Kansas Action was filed first, and due to the higher caseload in the Northern District of Oklahoma, the Court finds that transfer is appropriate.

## III.  Conclusion

For the reasons stated above, Defendant BOKF, N.A.'s Motion to Transfer, [ECF No. 29], is GRANTED.

The Court further DIRECTS the Clerk of Court to take all necessary steps to transfer this case to the United States District Court for the District of Kansas.

DATED this 3rd day of February, 2026.

*Sara Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE